T.C. Memo. 2018-56

UNITED STATES TAX COURT

BERNARD A. DAVIS AND WILLETTE T. DAVIS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28381-15.                        Filed April 24, 2018.

Bernard A. Davis and Willette T. Davis, pro sese.

Brian A. Pfeifer, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, Judge:  In a notice of deficiency dated November 2, 2015,

respondent determined that petitioners had a deficiency for the 2012 tax year.[1]

_____

[1] All section references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules of Practice and
Procedure, unless otherwise indicated.  All monetary amounts are rounded to the
nearest dollar.

[*2] After concessions,[2] the issues for decision are (1) whether petitioners are entitled to deduct $3,091 of charitable contributions on their Schedule A, Itemized Deductions, (2) whether petitioners are entitled to deduct unreimbursed business expenses on Form 2106-EZ, Unreimbursed Employee Business Expenses, and (3) whether petitioners are entitled to deduct $109 for tax preparation fees.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. Petitioners resided in Florida when their petition was timely filed.

## I. Charitable Contributions

Petitioners claimed $3,091 of charitable contribution deductions to the South Broward Church of Christ (Church) for 2012--including $1,700 of cash and $1,391 of noncash contributions. Petitioners and another family founded the Church in 1994 in petitioners' house, and they registered the Church as a nonprofit corporation in Florida in 1995. Mr. Davis was the Church's president and the senior minister. The Church collected money and clothing to donate to the poor and held weekly services and fellowship until the 2008 economic crisis forced Mr. Davis to seek employment outside Florida. The Church had no bank accounts in

---

[2] Respondent conceded that petitioners were entitled to deduct $7,119 of medical and dental expenses for medical and dental insurance premiums paid during 2012.

**[*3]** 2012 and no longer held weekly services and congregational meetings. The only activities of the Church during 2012 that Mr. Davis specifically identified consisted of petitioners' giving away clothing and other items to individuals they considered needy.

The record includes a letter on Church letterhead--dated April 19, 2013, and signed by Mr. Davis--confirming the amounts of petitioners' cash and noncash contributions to the Church in 2012. Petitioners described the noncash contributions as clothing, footwear, accessories, and household items on their 2012 Form 8283, Noncash Charitable Contributions.

## II. Unreimbursed Employee Business Expenses

Mr. Davis worked as a right of way consultant through his business, Davis Consulting. He was unable to find work in 2011 and was forced to search for work outside Florida in 2012. He signed a contract with Briggs Field Services (Briggs) in Denver, Colorado, to work on a project that lasted from January through October 2012. Mr. Davis drove from petitioners' home in Hollywood, Florida, and continued to search for clients along the way, driving through Texas and New Mexico on his way to Denver. Briggs paid Mr. Davis $30 per hour and provided to him a $95 per diem and a $2,000 travel advance. Briggs also reimbursed Mr. Davis for $850 worth of mileage.

[*4]  Petitioners reported that Davis Consulting incurred $49,723 of business expenses on their Schedule C, Profit or Loss From Business.  This total includes $27,431 for car and truck expenses, which Mr. Davis calculated using his mileage and gasoline costs, $10,200 for travel expenses, and $5,984 for deductible meal and entertainment expenses.  Petitioners also reported on their Form 2106-EZ $26,928 of business expenses for which Briggs did not reimburse Mr. Davis.  This total includes $25,530 for vehicle expenses (mileage), $120 for parking fees, $550 for travel expenses, $238 for meals and entertainment, and $490 for other business expenses.  The unreimbursed employee business expenses for mileage, travel, and meals and entertainment claimed on petitioners' 2012 Form 2106-EZ also were included on petitioners' 2012 Schedule C.  Respondent did not disallow any of the deductions petitioners claimed on their 2012 Schedule C.

The record includes several of Briggs' reimbursement request forms on which Mr. Davis listed a total of 1,119 miles, only one of which has an approval signature from Briggs, and several motel receipts totaling close to $6,000 for Mr. Davis' accommodations in Denver.  It also includes receipts for parking, which total $40, and several pages of petitioners' checking account statements for 2012.

**[*5]** III.  Petitioners' 2012 Tax Return

Petitioners were married and filed a joint Federal income tax return in 2012. They used TurboTax software to assist them in preparing their 2012 tax return. Petitioners paid TurboTax $109 in 2012.

OPINION

I.  Burden of Proof

Ordinarily, the burden of proof in cases before the Court is on the taxpayer. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Under section 7491(a), in certain circumstances the burden of proof may shift from the taxpayer to the Commissioner.  Petitioners have not claimed or shown that they meet the specifications of section 7491(a) to shift the burden of proof to respondent as to any relevant factual issue.

II.  Deductions

Deductions are a matter of legislative grace, and a taxpayer must prove his or her entitlement to deductions.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers, therefore, are required to substantiate expenses underlying each claimed deduction by maintaining records sufficient to establish the amount of the deduction and to enable the Commissioner to determine the correct tax liability.

**[*6]** Sec. 6001; Higbee v. Commissioner, 116 T.C. 438, 440 (2001). Under the Cohan rule, the Court may estimate the amount of the expense if the taxpayer is able to demonstrate that he or she has paid or incurred a deductible expense but cannot substantiate the precise amount, as long as he or she produces credible evidence providing a basis for the Court to do so. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930).

A. Charitable Contributions

Section 170(a)(1) allows a deduction for any charitable contribution made within the taxable year. If a taxpayer makes a charitable contribution of property other than money, the amount of the contribution is generally equal to the fair market value of the property at the time of the contribution. See sec. 1.170A-1(c)(1), Income Tax Regs. The nature of the required substantiation depends on the value of the contribution and on whether the contribution is of cash or other property. See sec. 1.170A-13, Income Tax Regs.

For monetary contributions, taxpayers must maintain canceled checks, receipts from the donee organizations showing the date and amount of the contributions, or other reliable written records showing the name of the donee, date, and amount of the contributions. See id. para. (a)(1).

[*7]   Under section 1.170A-13(b)(1), Income Tax Regs., a taxpayer must maintain for each noncash contribution a receipt from the donee organization unless doing so is impractical.  The donee receipt must show:  (1) the name of the donee organization; (2) the date and location of the contribution; and (3) a description of the property in detail reasonably sufficient under the circumstances. Id.  The reliability of these records is determined on the facts and circumstances of each case.  Id. para. (b)(2)(i).  We consider the contemporaneous nature of the records and the regularity of the taxpayer's recordkeeping procedures in making this determination, though our consideration is not limited to those factors.  Id. Further, no deduction is allowed for "any contribution of clothing or a household item" unless such property is "in good used condition or better."[3]  Sec. 170(f)(16)(A).

The only documentation petitioners offered to substantiate their contributions to the Church in 2012 was a letter signed by Mr. Davis as the Church's president and senior minister.  Not only does the letter fail to meet the substantiation requirements for both cash contributions and noncash contributions;

---

[3] Sec. 170(f)(16)(C) provides that the requirement that a contribution of clothing or household property be in good used condition or better may not apply when the taxpayer includes a qualified appraisal of the property with his or her return, which was not done here.

**[*8]** we also find the letter unreliable. The letter was not contemporaneous with the alleged contributions, and petitioners offered no evidence at all of regular recordkeeping procedures. Additionally, we did not find Mr. Davis' testimony to be credible on this issue, and the fact that Mr. Davis signed the letter himself weighs heavily against its reliability. Finally, petitioners have introduced no evidence regarding the condition of the clothing and household items that they allegedly donated to the Church. Rather, based on the record, it appears that petitioners may have used their otherwise inactive church to try to deduct their direct gifts to their friends. Therefore, we sustain respondent's disallowance of petitioners' charitable contribution deductions.

### B. Unreimbursed Employee Business Expenses

Ordinary and necessary business expenses incurred during the taxable year in carrying on a trade or business are generally allowed as deductions. Sec. 162(a). A taxpayer's unreimbursed employee business expenses are allowed as miscellaneous itemized deductions to the extent they exceed 2% of the taxpayer's adjusted gross income. Sec. 67(a) and (b).

Certain business expenses, including those petitioners reported, are subject to the heightened substantiation requirements of section 274(d). To meet these strict requirements, a taxpayer must substantiate by adequate records or by

[*9] sufficient evidence corroborating the taxpayer's own statement: (1) the amount of the expense; (2) the time and place of the travel or use; and (3) the business purpose of the expense. Sec. 274(d). To substantiate by adequate records, the taxpayer must provide: (1) an account book, log, or similar record; and (2) documentary evidence, which together are sufficient to establish each element with respect to an expenditure. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Section 274(d) supersedes the Cohan rule. Sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

We need not consider whether petitioners met the strict substantiation requirements of section 274(d) with regard to their reported unreimbursed employee business expenses because petitioners claimed those same expenses on their Schedule C.[4] Mr. Davis testified that he operates for business purposes as Davis Consulting. Petitioners reported the income that they received and expenses

---

[4] Even so, petitioners were unlikely to have satisfied the requirements of sec. 274(d). They provided no records to support the claimed deduction for mileage; Mr. Davis only testified that he noted his car's mileage at the beginning of his trip to Denver and then at the end. The receipts for $40 that Mr. Davis paid for parking are not enough to substantiate the $120 of parking expenses that he reported. Likewise, petitioners' checking account statement is not sufficient to show the total amount or the business purpose of petitioners' claimed meal and entertainment expenses. Finally, petitioners provided no supporting documentation for the other $490 of business expenses claimed on Form 2106-EZ.

[*10] they incurred through Davis Consulting on their Schedule C. Mr. Davis testified that the mileage for which petitioners claimed a deduction on their Form 2106-EZ is included in the mileage for which they claimed a deduction on their Schedule C. Mr. Davis further testified that the expenses for travel and for meals and entertainment reported on petitioners' Schedule C included the expenses that Mr. Davis incurred while working for Briggs. As we noted above, respondent has not disputed any of the expenses that petitioners reported on their Schedule C. Petitioners cannot be allowed to deduct the same expenses twice. See Huang v. Commissioner, T.C. Memo. 1997-257, slip op. at 7-8; Cavalaris v. Commissioner, T.C. Memo. 1996-308, slip op. at 12-13; Cheh v. Commissioner, T.C. Memo. 1992-658, 1992 WL 323606, at *12. Therefore, we sustain respondent's disallowance of miscellaneous itemized deductions for Mr. Davis' unreimbursed employee business expenses.

C. Tax Preparation Costs

A taxpayer may deduct ordinary and necessary expenses incurred in connection with the determination, collection, and refund of taxes. Sec. 212(3). Such deductible expenses include expenses incurred in connection with the preparation of tax returns. Sec. 1.212-1(l), Income Tax Regs.

**[\*11]** Mr. Davis credibly testified at trial that he used TurboTax software to assist him in preparing petitioners' 2012 tax returns, and the parties stipulated that petitioners paid $109 for TurboTax software in 2012. Accordingly, we hold that petitioners are entitled to a deduction of $109 for tax preparation fees.

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under

Rule 155.